CLERK'S COPY

FILED
AT ALBUQUERQUE NM

APR - 6 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CURTIS JOSEPH DELAHOUSSAYE,

    Plaintiff,

v.    No. CIV-00-0160 MV/RLP

CITY OF ALBUQUERQUE,
MARVIN R. PICKETT,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court *sua sponte* to consider Plaintiff's civil rights complaint in this removed action. Plaintiff is incarcerated and appears pro se. For the reasons below, the complaint will be remanded.

This is the latest in a series of complaints filed by Plaintiff asserting claims arising from psychiatric treatment administered during a period of incarceration at the Bernalillo County, New Mexico, Detention Center. *See Delahoussaye v. State*, No. CIV-98-1178 MV/LCS; *Delahoussaye v. Pickett*, No. CIV-98-1016 BB/RJD. The earlier complaints alleged that Plaintiff was forced to attend a hearing on a petition for appointment of a "treatment guardian." Plaintiff claimed the proceedings were fraudulent and malicious, and that his due process and equal protection rights were violated by the defendants' actions. The first complaint was dismissed for failure to invoke the jurisdiction of this Court. The second complaint named Defendant Pickett, though no specific allegations were made against him, and was dismissed as res judicata.

The instant complaint asserts federal and state law claims against Defendant Pickett based on allegations from events complained of previously. Because Plaintiff's federal claims were, or



could have been, raised in the prior complaints, these claims are barred by the doctrine of res judicata. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992); *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997), *cert. denied*, --- U.S. ---, 118 S.Ct. 1396 (1998). Plaintiff's federal claims arising from his psychiatric treatment while in custody at the Bernalillo County Detention Center have been adjudicated, and the complaint will be remanded to state court for resolution of his state law claims. *Nwosun*, 124 F.3d at 1258; *Flores v. Long*, 110 F.3d 730, 733 (10th Cir.1997); *see* 28 U.S.C. § 1367(a) & (c); *and cf. Sullivan v. Scoular Grain Co.*, 930 F.2d 798, 803 (10th Cir. 1991).

IT IS THEREFORE ORDERED that this proceeding is REMANDED to the New Mexico Second Judicial District Court.

_____
UNITED STATES DISTRICT JUDGE